```
                  IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF NEBRASKA

MARCELLA P. McNEIL,            )
                               )
                Plaintiff,     )              8:09CV60
                               )
        v.                     )
                               )
LABOR READY and COMMAND        )         MEMORANDUM AND ORDER
CENTER, 335 North 76th Street, )
Omaha, NE 68114, and 3773      )
West 5th Avenue Post Falls,    )
ID 83854,                      )
                               )
                Defendants.    )
                               )
```

Plaintiff filed her complaint on February 18, 2009 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed a complaint against two defendants, Labor Ready and Command Center (Filing No. 1 at CM/ECF pp. 1, 7). Plaintiff currently resides in Omaha, Nebraska. (*Id.* at CM/ECF p. 7.)

Plaintiff alleges that Labor Ready discriminated against her because of her race. (*Id.* at CM/ECF p. 9.) Specifically, plaintiff alleges that her boss, "Daniel Aguilera," assaulted her on June 23, 2007, because she is African American. (*Id.* at CM/ECF pp. 2, 9.) Plaintiff also alleges that Labor

Ready "placed a restraining order on [her] and denied [her] future job referrals."[1]  (*Id.* at CM/ECF p. 9.)  Plaintiff seeks "equal pay and lost wages."  (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However,

---

[1] Plaintiff has submitted these claims to the U.S. Equal Employment Opportunity Commission ("EEOC")(Filing No. 1 at CM/ECF pp. 7-9).

a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The Court liberally construes plaintiff's complaint to allege a claim pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that she (1) is a member of a protected class; (2) was meeting the legitimate expectations of her employer; (3) suffered an adverse employment action; and (4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove

that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000)*. The ultimate burden of persuasion remains with the plaintiff throughout the case.

In addition, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, plaintiff failed to "nudge" her Title VII discrimination claims across the line from "conceivable to

-4-

plausible" because she did not allege that she was meeting the legitimate expectations of her employer.  Thus, even though plaintiff submitted her claim to the EEOC, plaintiff has not alleged sufficient facts to state a claim upon which relief may be granted.  However, on the Court's own motion, plaintiff shall have 30 days in which to amend her complaint to clearly state a Title VII discrimination claim against defendants upon which relief may be granted.  Any amended complaint shall restate the allegations of plaintiff's current complaint (Filing No. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

       IT IS ORDERED:

       1.   Plaintiff shall have until **May 4, 2009,** to amend her complaint to clearly state a claim upon which relief may be granted against defendants, in accordance with this memorandum and order.  If plaintiff fails to file an amended complaint, plaintiff's claims against defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

       2.   In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **May 4, 2009.**

4. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 2nd day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court