IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCELLA P. McNEIL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LABOR READY and COMMAND )<br>CENTER, 335 North 76th Street,)<br>Omaha, NE 68114, and 3773 )<br>West 5th Avenue Post Falls, )<br>ID 83854, )<br>)<br>Defendants. )<br>_____) | 8:09CV60<br><br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Labor Ready's Motion to Quash Service of Process (Filing No. 17). Plaintiff did not respond to the motion. The motion will be granted.

Plaintiff filed her complaint on February 18, 2009, and filed her amended complaint on April 14, 2009 (Filing Nos. 1 and 8). The Court determined that service of process was warranted, and the clerk of the court issued summons forms on May 4, 2009 (Filing No. 10). Plaintiff addressed the summons form for Labor Ready to "Labor Ready, 335 North 76 Street, Omaha, Nebr 68114." (*Id.* at CM/ECF p. 2.) That summons form was returned as "executed" on July 6, 2009 (Filing No. 12). The return form shows that an individual named "Maria Vasquez-Carrera," who is identified as a "Business Development Specialist" for defendant

Command Center, accepted service on behalf of Labor Ready. (*Id.* at CM/ECF p. 2.)

As set forth in Federal Rule of Civil Procedure 4, a corporation must be served:

> [B]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). A corporation may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Nebraska law:

> A corporation may be served by personal, residence, or certified mail service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail service to the corporation's registered office.

Neb. Rev. Stat. § 25-509.01.

Labor Ready filed its motion to quash, arguing that service was insufficient under both federal and state law (Filing No. 17). In support of its motion, Labor Ready submitted

-2-

an Affidavit stating that the individual who accepted service, Maria Vasquez-Carrera, is not, and has never been, an employee of Labor Ready, and Labor Ready has no relationship to Command Center, Ms. Vasquez-Carrera's employer (Filing No. 18-2, Attach. 1, at CM/ECF p. 1). In addition, Ms. Vasquez-Carrera is not, nor has she ever been, "authorized or designated to receive service of process on behalf of Labor Ready or any of its affiliates or subsidiaries." (*Id.*) Because Ms. Vasquez-Carrera was not authorized to accept service of process for Labor Ready, and had no relationship with Labor Ready, service on Labor Ready was insufficient under both Federal Rule of Civil Procedure 4 and Nebraska law.

"While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, . . . especially where justice demands and prejudice would not result to the improperly served parties." *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted). Thus, service on Labor Ready was insufficient. However, on the Court's own motion, plaintiff shall have until December 18, 2009, to effect sufficient service of process on defendant Labor Ready. In the event that plaintiff fails to effect sufficient service of process by December 18, 2009, all claims against Labor Ready will be dismissed without prejudice and without further notice.

IT IS ORDERED:

1. Defendant Labor Ready's Motion to Quash (Filing No. 17) is granted.

2. Plaintiff shall have until December 18, 2009, to properly serve defendant Labor Ready. In the event that plaintiff fails to effect sufficient service of process by December 18, 2009, all claims against Labor Ready will be dismissed without prejudice and without further notice.

3. To obtain service of process on defendant Labor Ready, plaintiff must complete and return the summons form which the clerk of the court will provide. The clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the amended complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and amended complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The clerk of the court will copy the amended complaint, and plaintiff does not need to do so.

5.   The clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**December 18, 2009:**  Check for completion of service of summons on Labor Ready."

DATED this 20th day of November, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court